# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 97-20912
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-96-133-1

_____

October 5, 1998

Before KING, BARKSDALE and STEWART, Circuit Judges:

PER CURIAM:[*]

Donald Bell pleaded guilty to conspiracy to possess with intent to distribute cocaine base and with possession with intent to distribute cocaine base. Bell argues that the district court improperly held him accountable for drugs which were not related to his offense. We review for clear error the sentencing court's calculation of the quantity of drugs involved. United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993).

A drug courier for Bell was arrested with 874 grams of cocaine base in his possession. Bell's argument that the entire 847 grams was not foreseeable to him is disingenuous given the admission that he was aware of the entire amount of cocaine base being carried by Henderson. Bell also argues that he was unaware of 484 grams of cocaine base found in a purse during a search of one of his confederate's residence. Bell has produced nothing but his self-serving denial that he did not know

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

about the cocaine base found in the purse. The district court did not clearly err by including these amounts of cocaine base in the amount involved in Bell's drug conspiracy. The other amounts of narcotics challenged by Bell were not significant to his sentence and will not be addressed.

Section 2D1.1(b)(1) of the Sentencing Guidelines directs sentencing courts to increase by two levels the base offense level of a defendant convicted of certain drug-related offenses if "a dangerous weapon (including a firearm) was possessed." The district court's decision to apply this section is a factual determination which we also review only for clear error. United States v. Garza, 118 F.3d 278, 285 (5th Cir. 1997), cert. denied, 118 S. Ct. 699 (1998). The presentence report (PSR) showed that numerous weapons were found in the residence in which Bell was arrested while in the act of "cooking" cocaine base. It is not clearly improbable that these five weapons were connected with the offense. The district court did not clearly err in this matter.

Bell argues that the district court violated Fed. R. Crim. P. 32 by not making specific finding on his objections to the PSR. This argument goes to Rule 32(c)(1), which requires the sentencing court to make findings regarding controverted facts in the PSR, or to state that those facts will not be taken into account at sentencing. The district court satisfied the mandate of Rule 32 when it overruled the objections and adopted the PSR because the findings in the PSR were "so clear" as not to leave this court to "second guess" the basis for the district court's decision. United States v. Carreon, 11 F.3d 1225, 1230-31 (5th Cir. 1994).

AFFIRMED.